IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLOS RAFAEL QUINA CHALI,
  *Petitioner*,

  v.

KRISTI NOEM, *et al.*,
  *Respondents*.

1:26-cv-161-MSN-LRV

## ORDER

Carlos Rafael Quina Chali ("Petitioner") has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) violates his statutory right to a bond hearing (Count I), his due process rights (Count III), and is ultra vires (Count IV) and he seeks a declaration from this Court that he is not an "arriving alien" or "seeking admission" (Count I).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. He has sued Todd M. Lyons, ICE's Acting Director; Russell Hott, the Washington Field Office director of ICE; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "Federal Respondents"). He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center. The Federal Respondents have opposed the Petition. ECF 4. For the reasons that follow, the Court will GRANT the Petition as to Count III. [1]

---

[1]    Because the Court grants the Petition as to Count III, it need not address Petitioner's other claims.

## I.    BACKGROUND

Petitioner is a citizen of Guatemala. ECF 1 ¶ 6. He entered the United States in 2007 and has resided here since that time. *Id.* ¶ 46. In April 2014, Petitioner was arrested and detained by ICE agents after being released from local criminal custody. ECF 4-1 ¶ 6; ECF 1 ¶ 18.  At that time, Petitioner was served with a Notice to Appear charging him with being inadmissible to and removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i). ECF 4-1 ¶ 6. Several months later, on September 22, 2014, Petitioner was granted bond by an immigration judge. ECF 1 ¶ 19. Plaintiff's immigration court case was denied on April 7, 2023 and Plaintiff timely appealed to the Board of Immigration Appeals on May 8, 2023, where his appeal is currently pending. *Id.* ¶ 20. The better part of three years passed before Petitioner was arrested by ICE agents again on January 14, 202, and he remains in immigration custody at the Farmville Detention Center. *Id.* ¶¶ 6, 21.

Petitioner now insists that because his immigration proceedings are still pending and because he has not violated the terms of his bond, he should be released from ICE custody. *Id.* ¶ 22. He also asserts that he is unable to request bond redetermination before an immigration judge given the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 16 (BIA 2025). *Id.* ¶ 23. [2]

## II.    ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right

---

[2]    Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim.

2

to due process. Federal Respondents "recognize that all jurists of this Court have recently rejected Federal Respondents' arguments" that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 4 at 1 n.1; *see also, e.g., Quispe-Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *1 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 4 at 1 n.1

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2)..

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an]

---

[3]     *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly nineteen years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a).

Having concluded that Petitioner is detained pursuant to § 1226(a), the Court must next consider whether his continued detention without bond—after having been previously granted release on bond—is lawful. Under § 1226(b), DHS "may revoke a bond or parole authorized under [§ 1226(a)], rearrest the alien under the original warrant, and detain the alien." U.S.C. § 1226(b). But "[t]he BIA has held that, 'where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance.'" *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981)); *see also Chaudhari v. Crawford*, 1:25-cv-01772 (LMB/IDD), 2025 WL 3896287, at *4 (E.D. Va. Oct. 23, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988, at *9, 2025 WL 2370988 (D. Mass. Aug. 14, 2025). The record here reflects no change in circumstances that could justify the revocation of Petitioner's bond. Indeed, Federal

4

Respondents have submitted no facts or argument contesting Petitioner's claim that his bond was wrongfully revoked. *See* ECF 4.

As this Court has explained, the revocation of a petitioner's bond with no justification or changed circumstances violates a petitioner's right to due process. *See Luna Sanchez v. Bondi*, 1:25-cv-01888-MSN-IDD, 2025 WL 3191922, at *4-5 (E.D. Va. Nov. 14, 2025). The Court adopts and incorporates its reasoning in *Luna Sanchez* here and concludes that, because Petitioner's continued detention violates his right to due process, he is entitled to immediate release. *Id.* at *5; *see also, e.g., Chaudhari*, 2025 WL 3896287, at *4 (determining that petitioner's detention is unlawful and requiring release where DHS revoked petitioner's bond without justification); *dos Santos v. Noem*, 2025 WL 2370988, at *9 (same).

## III.  CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be released from custody on the bond that was set in 2014, no later than 4:00 pm on Thursday, February 19, 2026, with all his personal property; and it is further

ORDERED that Petitioner's counsel immediately provide the Court and Federal Respondents with a fixed address for Petitioner's release so that DHS may notify him of future bond proceedings[4]; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

---

[4]  Petitioner should redact personal identifiers or file those documents under seal.

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
Michael S. Nachmanoff
United States District Judge

February 18, 2026
Alexandria, Virginia